# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-25203-CIV-WILLIAMS

EIGHTEEN SEVENTY LP,
MARIE KENNEDY FOUNDATION,
AND PAUL L. KENNEDY,

    Plaintiffs,

v.

STUART KINNEAR ROBERTSON,
MICHÈLE FLEURY ROBERTSON,
EAST PACIFIC GROUP LIMITED,
CRUPE FOUNDATION, ANDREAS R. BIHRER,
AND BIHRER RECHTSANWÄLTE AG,

    Defendants.

_____/

## DECLARATION OF RICHARD JAYSON

I, Richard Jayson, give this sworn statement based on my own personal knowledge, information, and belief in support of the Defendants' Motion to Dismiss in this case. The following information is given to the best of my recollection.

1. I am over eighteen (18) years of age.

2. I am a citizen of the United Kingdom.

3. I was the Chief Financial Officer ("CFO") of Crupe Pte. Ltd. ("Crupe") in Singapore from 1 January 2012 to end of June 2015, when I was promoted to be Crupe's Managing Director ("MD") by Paul L. Kennedy, Chairman of Crupe's board of directors.

4. I was also a member of the board of trustees of the Crupe Foundation until 2015.

5. I resigned from Crupe in March 2016 at the request of Paul L. Kennedy.

6. I make this declaration based on my own personal knowledge and upon a review of the records I have kept in relation to my role as former CFO and MD of Crupe until March 2016.

7. I have never traveled to the State of Florida or the United States for or in connection with my work for Crupe.

8. Crupe has never undertaken any business in the State of Florida or the United States.

9. To the best of my knowledge, Paul. L Kennedy is not, and has never been, personally a shareholder in Crupe. I believe this fact is consistent with what is reflected in Crupe's official share register in Singapore.

10. In May 2012 I attended a meeting of Crupe's board of directors in Switzerland in which Crupe's Chairman, Dr. Sunderland, presented and it was agreed to establish a charitable foundation named the Crupe Foundation, to hold all of Crupe's intellectual property.

11. In September 2013 I attended, along with Paul L. Kennedy, a meeting of Crupe's board of directors in Switzerland in which Dr. Sunderland presented and explained Crupe's intellectual property arrangements including the license and the option agreement to purchase the intellectual property from the Crupe Foundation in case Crupe was listed or sold in Singapore.

12. In my role as CFO and MD of Crupe, I did occasionally meet in-person with Mr. Kennedy in his capacity as Eighteen Seventy LP's representative, the Marie Kennedy Foundation's representative, and as one of the directors of Crupe. As best I recall, all of my in-person meetings with Mr. Kennedy took place outside of the United States, mainly in Switzerland but also in Asia and in South America.

13. In my role as CFO and MD of Crupe, I also occasionally corresponded via email with Mr. Kennedy in his capacity as Eighteen Seventy LP's representative, the Marie Kennedy Foundation's representative, and as one of the directors of Crupe. As Mr. Kennedy spent a great deal of time in New York and often traveled internationally, including throughout Latin America, Asia, and Europe. During the time I was working as Crupe's CFO, I was unaware that



Paul Kennedy was based in Florida and instead had understood he was based in New York. Furthermore, I had always met Paul Kennedy at Crupe's office in Switzerland, at the Kennedy family's bank in Zurich, at offices and/or hotels in London, Asia and South America. And, throughout my time at Crupe, I did not attend any meetings with Paul Kennedy in the State of Florida or in the United States. Furthermore, Crupe did not have business activities in the State of Florida or in the United States.

14. To the best of my knowledge, Michele Fleury Robertson participated in only one conference call with Paul L. Kennedy. I also participated in that conference call, which was initiated by Mr. Kennedy in 2015. As noted earlier, I do not recall Mr. Kennedy noting where he was physically present during this call. Any allegation that Michele and Paul L. Kennedy were in regular contact is contrary to the relevant facts to the best of my knowledge and recollection.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

_____
RICHARD JAYSON

Dated: July __3__, 2017

3