# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-25203-CIV-WILLIAMS/TORRES

**EIGHTEEN SEVENTY LP, MARIE KENNEDY FOUNDATION AND PAUL L. KENNEDY,**

        Plaintiffs,

v.

**STUART KINNEAR ROBERTSON, MICHÈLE FLEURY ROBERTSON, EAST PACIFIC GROUP LIMITED, CRUPE FOUNDATION, ANDREAS R. BIHRER AND BIHRER RECHTSANWÄLTE AG,**

        Defendants.

## DECLARATION OF PAUL L. KENNEDY

I, PAUL L. KENNEDY, declare as follows:

1. I submit this declaration in support of Plaintiffs' Motion for Final Judgment. If called as a fact witness to testify, I am able to testify competently about the matters contained in this declaration.

2. I am a member, and since 2015 Chairman, of the board of directors of CRUPE Pte. Ltd. ("CRUPE").

3. As described more fully in Paragraph 5 of the Complaint in this matter, Defendant Stuart Kinnear Robertson ("Robertson") served as a Director and Chief Executive Officer of CRUPE from its founding in approximately 2010 until 2015, and he was a director and officer of CRUPE's affiliate, Crupe Framing AG ("Crupe Framing"), which issued debt to plaintiffs Eighteen Seventy and Marie Kennedy Foundation. For part of that period, Robertson also

93147858_1

beneficially controlled CRUPE and its subsidiaries. In those capacities, Robertson had disclosure duties to CRUPE, its investors, as well as to Crupe Framing debtholders.

4. As described more fully in Paragraph 7 of the Complaint, Defendant East Pacific Group Limited ("East Pacific") is a holding company owned and controlled by defendant Robertson, and is domiciled in Hong Kong. East Pacific was and is the alter ego of Robertson, and it is liable for any claims against him. In entering into a management agreement with CRUPE dated January 1, 2012, East Pacific acquired by the terms of the agreement its own fiduciary duty to the Company and its investors and was obligated to avoid any conflict of interest with them, and thereby to disclose to plaintiffs the true state of CRUPE's condition as described herein. *See* East Pacific Group Consulting Agreement, attached hereto as Exhibit 1.

5. As described more fully in Paragraph 8 of the Complaint, Defendant CRUPE Foundation is organized under the laws of Switzerland and is headquartered in Switzerland. Upon information and belief, it was established by, has been and is under the control of, and is an alter ego of, Robertson.

6. The intellectual property that CRUPE owned relating to a unique building material ("CRUPE IP") is the most valuable part of the Company, and according to the Defendants' own appraisal, is worth $100,000,000. *See* October 2013 Option Agreement, attached hereto as Exhibit 2, at Par. 4.3 and 6.1.

7. As described more fully in Paragraphs 16-21 of the Complaint, Robertson induced Plaintiffs to invest in CRUPE and East Pacific through false representations and omissions of material facts.

8. As a result of Defendants' various misrepresentations and omissions, Plaintiffs loaned money and purchased securities of CRUPE in an amount totaling $10,688,000. As also

described in Paragraphs 21 and 22 of the Complaint, those purchases and loans involved the following:

    a. Eighteen Seventy funded a purchase of $3,313,000 in CRUPE shares on February 15, 2012. *See* February 9, 2012 Letter to J.P. Morgan and J.P. Morgan Account Statement, attached collectively hereto as Exhibit 3.

    b. In July 2012, Eighteen Seventy invested $1,800,000 in CRUPE A-1 Preference Shares. *See* July 24, 2012 Letter to J.P. Morgan and J.P. Morgan Account Statement, attached collectively hereto as Exhibit 4.

    c. On November 6, 2012, I signed a term sheet for a $2,000,000 loan to CRUPE. *See* Term Sheet for $2,000,000 Loan, attached hereto as Exhibit 5. This loan provided security for a credit facility with UBS. *See* Application and Final Letter of Credit, attached collectively hereto as Exhibit 6. This letter of credit is still outstanding.

    d. On September 30, 2013, Eighteen Seventy invested $500,000 in CRUPE A-1 Preference Shares. *See* September 30, 2013 Letter to J.P. Morgan and J.P. Morgan Account Statement, attached collectively hereto as Exhibit 7. Also on September 30, 2013, the Marie Kennedy Foundation wired $500,000 to CRUPE. *See* Marie Kennedy Foundation's September 30, 2013 Letter to Dominick & Dominick, and Dominick & Dominick Account Statement, attached collectively hereto as Exhibit 8. $150,000 of this wire was used to purchase shares in Crupe. The other $350,000 was booked as a loan that, on October 3, 2015, was converted to 41,989 Crupe shares estimated to be valued at $420,000.

e. On November 29, 2013, I entered into a Bridge Loan Agreement in which I agreed to loan CRUPE $100,000, and my wife loaned CRUPE another $100,000.  *See* Bridge Loan Agreement and wire transfer confirmed, attached collectively hereto as Exhibit 9; *see also* Payment Slip dated December 5, 2013, and an email from CRUPE confirming receipt of the loan on December 10, 2013, attached collectively hereto as Exhibit 10.  I later converted my loan into 7,778 shares of CRUPE.  *See* Conversion Notice, attached hereto as Exhibit 11.

f. On May 23, 2014, Eighteen Seventy funded its investment of $1,000,000 in CRUPE shares.  S*ee* May 22, 2014 Letter to J.P. Morgan and J.P. Morgan Account Statement, attached collectively hereto as Exhibit 12.

g. In October 2014, Eighteen Seventy loaned CRUPE $700,000 in effect by providing additional security for the above-mentioned credit facility with UBS.  *See* September 23, 2014 Letter of Credit Application and October 2, 2014 Letter of Credit, attached collectively hereto as Exhibit 13.

h. On November 10, 2014, Eighteen Seventy invested $300,000 in CRUPE shares.  *See* November 10, 2014 Letter to J.P. Morgan and J.P. Morgan Account Statement, attached collectively hereto as Exhibit 14.

i. In May 2015, Eighteen Seventy loaned $200,000 to CRUPE.  *See* May 20, 2015 Letter to J.P. Morgan and J.P. Morgan Transactions, attached collectively hereto as Exhibit 15.

j. On April 1, 2016, Eighteen Seventy loaned $70,000 to CRUPE. *See* March 31, 2016 Letter to J.P. Morgan and J.P. Morgan Account Statement, attached collectively hereto as Exhibit 16.

k. On April 1, 2016, the Marie Kennedy Foundation wired $35,000 to CRUPE. *See* March 31, 2016 Letter to Wunderlich Securities and Account Documents from Dominick & Dominick, attached collectively hereto as Exhibit 17. This amount was converted to a loan on July 29, 2016.

9. Defendants also concealed their plan to transfer the valuable CRUPE intellectual property by transferring to the Crupe Foundation the shares of a CRUPE subsidiary that held the intellectual property. Defendants completed this transaction by way of a November 2012 Transfer Agreement and December 2013 recording in the Swiss Commercial Registry. *See* Transfer Agreement, attached hereto as Exhibit 18. This transaction rendered Plaintiffs' shares and debt of CRUPE and its subsidiaries effectively worthless.

10. Over a period of time from 2015 to October 2016, Plaintiffs discovered that Defendants had made misrepresentations and omissions, and engaged in fraud. Plaintiffs fully understood the extent of the fraud when former defendant Andreas Bihrer testified that since early 2011, he and Robertson planned to transfer CRUPE's intellectual property out of the country and into a foundation. *See* Excerpt of Bihrer Affidavit, attached hereto as Exhibit 19.

11. As a result of that discovery, Plaintiffs filed the Complaint in this action, asserting claims of common law fraud, negligent misrepresentation, and violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act.

12. Plaintiffs retained Hughes Hubbard & Reed LLP's to represent them in this action, and have been obligated to pay their fees and costs.

13. To date, Defendants have not returned CRUPE's IP, compensated Plaintiffs for its theft, or repaid Plaintiffs for the loans Plaintiffs provided to CRUPE.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: JANUARY 25, 2019

_____
PAUL L. KENNEDY