UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16- 25203-CIV-WILLIAMS

EIGHTEEN SEVENTY LP, MARIE
KENNEDY FOUNDATION, and PAUL L.
KENNEDY,

    Plaintiffs,
vs.

STUART KINNEAR ROBERTSON,
EAST PACIFIC GROUP LIMITED and
CRUPE FOUNDATION,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Entry of Final Default Judgment and Memorandum of Law in Support (DE 48) and Plaintiffs' motions for sanctions (DE 44; DE 45) against Defendants Stuart Kinnear Robertson, East Pacific Group Limited ("EPG") and CRUPE Foundation ("CF") (collectively, Defendants). For the reasons set forth below, Plaintiffs' motions for sanctions (DE 44; DE 45) are **GRANTED** and Plaintiffs' motion for final default judgment (DE 48) is **GRANTED IN PART**.

I.   **BACKGROUND**

On March 28, 2018, the Court partially granted Defendants' motion to dismiss. (DE 30). Thereafter, on April 11, 2018, Defendants filed their answer and affirmative defenses to the complaint. (DE 32). On June 11, 2018, the Court ordered the parties to file a joint scheduling report by July 6, 2018. (DE 34). Then, by order dated July 3, 2018 (DE 39), the Court permitted Defendants' counsel to withdraw from this action based on their "irreconcilable differences" with their client. The order (DE 39) also directed Defendants

to obtain new counsel by July 26, 2018 and gave the parties until August 1, 2018 to file a joint conference report. Having failed to comply with these orders, on August 7, the Court entered an order requiring Defendants to show cause "as to why sanctions should not be imposed, including an entry of judgment in Plaintiffs' favor, for failing to comply with Court order." (DE 41). When Defendants failed to file a response, Plaintiffs moved for sanctions and for an entry of final default judgment.

This case arises from a dispute over the management of non-party CRUPE Pte. Ltd. (the "Company"), a corporation organized under Singapore law headquartered in Switzerland that works to "develop, market, and sell a unique building material throughout the world." (DE 1 ¶¶14, 15). Plaintiffs are all investors in the Company. Kennedy is a Florida resident who in 2014 became a member of the Company's board of directors. (DE 1 ¶4). He owns, along with his siblings, 1870, which is an investment partnership organized in Delaware and operating in Wyoming that "invested in shares and debt of [the Company] . . . during the period 2012-2015." (DE 1 ¶2). Kennedy is also involved in MKF, a private foundation organized in Delaware that "makes grants to qualified grantees from a pool of capital, which is invested to generate funds for grants" and that "purchased shares and debt of [the Company]." (DE 1 ¶3).

According to the Complaint, Defendants—the Company's founder and its Director and Chief Executive Officer from 2010 to 2015, Robertson; his wife, Fleury; their Swiss entity CF, of which Fleury was chairperson; their Hong Kong entity EPG, which Robertson controlled; their Swiss lawyer Bihrer; and the Bihrer Firm—tricked Plaintiffs into making substantial investments in the Company from 2012 through 2016, even though the Company was not performing as advertised, Defendants were transferring larger than

2

disclosed amounts from the Company to EPG, and Defendants were concealing a scheme to transfer critical intellectual property from the Company to CF for their own gain. (DE 1 ¶¶16-25). Defendants allegedly transferred that critical intellectual property from a Company subsidiary to CF in January 2013, unbeknownst to Plaintiffs until the Company later defaulted on loans Plaintiffs had made and Plaintiffs realized that the loans "were not secured by the shares of the . . . subsidiary holding the IP, as committed in the loan agreement." (DE 1 ¶30). Defendants also allegedly defrauded 1870 and MKF into making loans in June 2013 to an operating subsidiary of the Company that also was not performing as advertised, only to divert the loan proceeds and royalties promised in connection with the loans. (DE 1 ¶¶26-29). These actions were, according to the Complaint and to affidavits attached to Plaintiffs' response in opposition to Defendants' motion, largely directly towards Florida. (DE 1 ¶12).

On these facts, Plaintiffs brought four causes of action against Defendants: (1) common law fraud against all Defendants; (2) negligent misrepresentation against all Defendants; (3) violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act, 15 U.S.C. § 78j(b), against Defendants Robertson, EPG, Bihrer, and Bihrer Firm; (4) violation of Florida Blue Sky Laws, Fla. Stat. § 517.301 against Robertson, EPG, Bihrer, and Bihrer Firm. On March 28, 2018, the Court dismissed Counts 1 and 2 against Defendant Fleury and referred Counts 3 and 4 against Bihrer and the Bihrer Firm to arbitration. The remaining claims survived the motion to dismiss.

II. **LEGAL STANDARD**

**A. Motion for Final Default Judgment**

3

Under Rule 55 of the Federal Rules of Civil Procedure, if a defendant fails to plead or otherwise defend against a complaint, the Clerk of the Court may enter a default against that defendant. Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b). However, a default judgment is a matter of discretion for the court, not a matter of right to the moving party. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1356 (S.D. Ga. 2004). Where a default occurs, the plaintiff's well-pleaded allegations are deemed admitted. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Before entering a default judgment, the court must ensure that the well-pleaded allegations in the complaint, taken as true by virtue of the default, actually state a substantive cause of action, and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). While a defaulted defendant cannot challenge the sufficiency of the evidence, it "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

### B. Motion for Sanctions

Federal courts have the authority to enter default judgment against a party that fails to abide by orders that are issued. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[A] district court has the authority to enter default judgment of failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."). Where a default occurs, the plaintiff's well-pled allegations in the Complaint are deemed admitted. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Indeed, Federal Rule of Civil Procedure 16(f)(1) provides:

4

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

In turn, Rule 37(b)(2)(A)(ii)-(vii) provides the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"Thus, when a party fails to attend a case management conference or fails to obey a pretrial order, the Court is permitted to impose a number of sanctions under Rule 16(f), including striking a party's pleadings and entering clerk's default." *United States v. Hemmerle*, No. 618CV283ORL22GJK, 2018 WL 3029064, at *1 (M.D. Fla. May 31, 2018), report and recommendation adopted, No. 618CV283ORL22GJK, 2018 WL 3020203 (M.D. Fla. June 18, 2018). Such a severe sanction is necessary "if noncompliance is due to willful or bad faith disregard of court orders and the court finds lesser sanctions would not suffice." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted).

## III. DISCUSSION

### a. Default Judgment as to Plaintiffs' Substantive Claims

The elements of Florida common law fraud are: (1) a false statement of material fact; (2) Defendant's knowledge that the statement is false; (3) Defendant's intention that Plaintiffs rely on the statement; and (4) injury to Plaintiffs acting in reliance on the

5

statement. *Bailey v. Trenam Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.*, 938 F. Supp. 825, 829 (S.D. Fla. 1996).

The elements of a negligent misrepresentation claim are (1) a misrepresentation of material fact; (2) knowledge by the representative as to the truth or falsity of the representation, or that the representation was made under circumstances in which he ought to have known of its falsity; (3) intent by the representator that the representation induces another to act on it; and (4) injury to the Plaintiff as a result of acting in justifiable reliance on the misrepresentation. *Simpson v. Zwinge*, No. 12-60817-CIV, 2013 WL 12141352, at *4 (S.D. Fla. Jan. 31, 2013), aff'd, 531 F. App'x 985 (11th Cir. 2013).

To state a claim under § 10(b) and Rule 10b–5, a plaintiff must allege: (1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss [i.e., damages]; and (6) a causal connection between the material misrepresentation or omission and the loss, commonly called "loss causation." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1295 (11th Cir. 2011).

Finally, Florida's Blue Sky Law provides:

> (1)It is unlawful and a violation of the provisions of this chapter for a person: (a) In connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security ... directly or indirectly: 1. To employ any device, scheme, or artifice to defraud; 2. To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or 3. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

Fl. Stat. Ann. § 517.301.

6

Given the similarities between misrepresentation and fraud claims under Florida law, *see Ostreyko v. B.C. Morton Org., Inc.*, 310 So. 2d 316, 318 (Fla. 3rd DCA 1975), as well as with claims for violation of § 10(b) and Rule 10b–5 of the Securities Exchange Act and Florida Blue Sky Law the Court analyses these claims together. *See Grippo v. Perazzo*, 357 F.3d 1218, 1222 (11th Cir. 2004) ("[A] cause of action under § 517.301 are identical to those under the Federal Rule 10b-5, except that the scienter requirement under Florida law is satisfied by showing of mere negligence.").

Plaintiffs claim that Defendants made a series of misrepresentations to induce Plaintiffs to invest in the Company. Specifically, Plaintiffs identify many alleged misrepresentations in Robertson and Bihrer's February 2012 Information Memorandum and a "Subscription Agreement and Investment Agreement," which they claim led 1870 to invest $3.3 million in the Company's "A-1 Preference Shares." (DE 1 ¶¶19-21). Based on these and other documents including a series of financial statements, order books, forecasts, reports, and statements Robertson prepared from 2012 to 2014, Plaintiffs made several additional investments: in July 2012, 1870 invested an additional $1.8 million in the Company's "A-1 Preference Shares"; in October 2012, 1870 loaned the Company $2 million in by providing security for a credit facility with UBS; in September 2013, 1870 invested $500,000 in the Company's "A-1 Preference Shares" and MKF loaned $420,000 to a Company affiliate and invested $150,000 in the Company's A-1 Preference Shares; in December 2013, "Kennedy and family loaned $200,000 to" the Company; in May 2014, 1870 invested $1 million in the Company's "A-1 Preference Shares"; in October 2014, 1870 loaned the Company $700,000 in effect by providing additional security for the credit facility with UBS; in November 2014, 1870 invested

7

$300,000 in the Company's A-1 Preference Shares; in May 2015, 1870 loaned $200,000 to the Company; in April 2016, 1870 loaned $70,000 to the Company; and in July 2016, MKF loaned $35,000 to the Company. (DE 1 ¶¶22-23).

Plaintiffs allege that while Plaintiffs were making these investments in the Company, Defendants were transferring larger than disclosed amounts from the Company to EPG, and Defendants were concealing a scheme to transfer critical intellectual property from the Company to CF for their own gain. (DE 1 ¶¶16-25). Indeed, in 2013, and without disclosing it to Plaintiffs, they transferred the IP that was put up as collateral for the loans, from CRUPE IP to CF. (DE 1 ¶30). Thus, when the loans went into default, they were no longer secured by the shares of CRUPE IP, the subsidiary holding the IP, as committed in the loan agreement. (*Id.*). As a result, Plaintiffs claim that they lost $10,688,000 that they invested in the Company. (DE 1 ¶56).

Based on Plaintiffs' allegations in the Complaint, the motion for default judgment and the record evidence on file, Plaintiffs have established that Defendants are liable for common law fraud, negligent misrepresentation, violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act, 15 U.S.C. § 78(j) and violation of Florida Blue Sky Laws, Fla. Stat. § 517.301. Accordingly Plaintiffs are entitled to default judgment.

### b. Plaintiffs Motion for Sanctions

Having found that Plaintiffs are entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure, the Court also finds that Plaintiffs are entitled to default judgment under Rule 37(b)(2)(a)(vi). As noted above, the Court ordered Defendants to obtain new counsel by July 26, 2018 and gave the parties until August 1, 2018 to file a joint conference report. (DE 39). However, Defendants failed to do so. Additionally,

8

Plaintiffs made numerous attempts to contact Defendants, but Defendants never responded. (DE 45 ¶¶9, 11, 14-15). Finally, Defendants failed to respond to the Court's order to show cause (DE 41) to Plaintiffs' motion for sanctions (DE 44; DE 45) and to Plaintiffs' motion for final default judgment (DE 48).

In sum, after the Court entered its order on the motion to dismiss and Defendants filed their answers and defenses, Defendants have refused to participate in this case and to comply with Court orders. Accordingly, the Court finds that "no lesser sanction other than default will suffice." *Hemmerle*, 2018 WL 3029064, at *2. Accordingly, the Court will grant Plaintiffs' motions sanctions.

### c. Damages

Damages in cases of default are governed by Rule 55. Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). In the instant case, a hearing is unnecessary to determine damages as Plaintiffs seeks damages for a sum certain and have attached detailed declarations with accompanying documentary evidence to its Motion for Final Default Judgment. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir.2005) (explaining that evidentiary hearing is not per se requirement for entry of default judgment, and may be omitted if all essential evidence is already of record); *see also Commodity Futures Trading Comm'n v. Infinite Trading Group*, No.

9

Civ.A.1:01–CV1107CAP, 2003 WL 21339265 (N.D. Ga. 2003) (relying on declarations in support of a motion for entry of default judgment).

Here, the facts taken as true from the Complaint show that Plaintiffs loaned money and purchased securities of the Company in the amount of $10,688,000, upon Defendants' representations that such loans and purchases would be secured by the Company's intellectual property, which Defendants appraised at $100,000,000. (*See* DE 1 ¶¶16-21; DE 48-1 ¶¶7-8). However, unbeknownst to Plaintiffs, Defendants had a plan to transfer the Company's intellectual property to CRUPE Foundation and did transfer it starting in 2013. (*See* DE 1 ¶¶17-20; DE 48 ¶¶3-4).

Plaintiffs have shown the amount of their investment through several documents including declarations, bank account statements, option agreements, letters of credit, conversion notices, wire transfers and payment slips. (*See* DE 48-1, Exhibits A, 1-19). Accordingly, the Court finds that Plaintiffs are entitled to $10,688,000 to recover their investment in the Company.[1]

---

[1] Plaintiffs also request an award of $3,642,072.16 for prejudgment interests and $328,322.51 for attorneys' fees. However, Plaintiffs have not explained what methods they used to calculate those amounts and have not provided sufficient legal authority supporting their entitlement to prejudgment interests and attorney's fees. For example, while Plaintiffs provided the Court a declaration laying out the hours spent by counsel on this matter and the rates billed, Plaintiffs have not explained why these hours and rates are reasonable in the prevailing market for this type of case. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (finding that the burden of establishing that the fee requests is reasonable rests with the fee applicant). Likewise, Plaintiffs state in conclusory fashion that prejudgment interests in this case began to accrue on February 15, 2012, and that they are entitled to a lump sum of $3,642,072.16 even though Plaintiffs made separate payments in their investment. *See Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1330 (S.D. Fla. 2009). (finding that under Florida law prejudgment interests must be calculated "for each payment [] made to Defendants beginning on the date of each loss, or in other words, on the date that each payment occurred."). Accordingly, the Court finds that Plaintiffs have not sufficiently

## IV. CONCLUSION

For the reasons above, the Court **ORDERS AND ADJUDGES** as follows:

1. Plaintiffs' motion for sanctions (DE 44; DE 45) are **GRANTED**.

2. Plaintiffs' motion for final default judgment (DE 48) is **GRANTED IN PART**.

3. Judgment is **ENTERED** in favor of Plaintiffs Eighteen Seventy LP, Marie Kennedy Foundation, and Paul L. Kennedy and against Defendants Stuart Kinnear Robertson, East Pacific Group Limited and CRUPE Foundation in the amount of $10,688,000 in compensatory damages for which let execution issue forthwith.

4. All remaining motions are **DENIED AS MOOT**. All hearings, deadlines, and trial settings are **CANCELED**. The Clerk is instructed to **CLOSE** this case.

5. The Court will retain jurisdiction for the purpose of considering Plaintiffs' motion for an award of prejudgment interests and attorneys' fees. Plaintiffs shall file their motion for prejudgment interests and attorneys' fees within 10 days from the date of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 5 day of March, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

shown their entitlement to prejudgment interest and attorneys' fees and will deny these requests without prejudice.

11