# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-25203-CIV-WILLIAMS/TORRES

EIGHTEEN SEVENTY LP, MARIE
KENNEDY FOUNDATION AND PAUL L.
KENNEDY,

                    Plaintiffs,

        v.

STUART KINNEAR ROBERTSON,
MICHÈLE FLEURY ROBERTSON, EAST
PACIFIC GROUP LIMITED, CRUPE
FOUNDATION, ANDREAS R. BIHRER AND
BIHRER RECHTSANWÄLTE AG,

                Defendants.

## DECLARATION OF AVIVA WERNICK

I, AVIVA WERNICK, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Interest.  If called as a fact witness to testify, I am able to testify competently about the matters contained in this declaration.

2.      I am a member of the Bar of the State of Florida and a partner with the firm Hughes Hubbard & Reed LLP ("Hughes Hubbard"), attorneys for Plaintiffs Eighteen Seventy LP, Marie Kennedy Foundation, and Paul L. Kennedy (hereinafter "Plaintiffs").

3.      Hughes Hubbard has billed Plaintiffs for its services and expenses on a monthly basis.  Attached hereto as Exhibit 1 are true and correct copies of the invoices sent by Hughes Hubbard to Plaintiffs for work conducted on this matter during the months August 2016 to

December 2018.  These monthly bills are contemporaneous records of hours worked and expenses incurred by Hughes Hubbard attorneys and staff in connection with this matter.

4.     We have redacted the descriptions of billing entries for this public filing due to concerns of privilege, confidentiality, and the Work-Product Doctrine.  We are, however, separately providing this Court with only partly redacted invoices.  The only redactions that appear in both versions of the invoices are entries that are not relevant to this matter.  We are not asking the Court to award attorneys' fees for those irrelevant entries, and the billed amounts described below have already subtracted such fees.

5.     Plaintiffs seek reimbursement for work performed by nine Hughes Hubbard attorneys.  These attorneys appear on the attached bills and their legal education and experience is set forth below:

> a.  Edward Little:  Mr. Little received a J.D. from Boston College Law School in 1974.  He served as an Assistant U.S. Attorney in the S.D.N.Y. from 1982 to 1990 and is currently the co-chair of Hughes Hubbard's White Collar and Regulatory Defense group and its Securities Litigation group.

> b.  Bill Maguire:  Mr. Maguire received a BL from the Honorable Society of Kings Inns. Dublin in 1985.  He is a partner with extensive litigation experience and is a member of Hughes Hubbard's executive committee.

> c.  James Dabney:  Mr. Dabney received a J.D. from Cornell Law School in 1979.  He was previously a partner at other highly regarded law firms and is currently a partner and the head of Hughes Hubbard's Intellectual Property and Technology practice group.

d.   Aviva Wernick:  I received my J.D. from New York University School of Law in 1994 and joined Hughes Hubbard that year.  I am a partner of the firm and have extensive experience in commercial litigation.

e.   Jeffrey Goldberg:  Mr. Goldberg received a J.D. from the University of Pennsylvania Law School in 2010.  Mr. Goldberg is an associate who joined the firm in 2014 after practicing at a national law firm and clerking for a judge in Philadelphia.

f.   Gil Ben-Ezra:  Mr. Ben-Ezra received his J.D. from George Washington University in 2015 and joined Hughes Hubbard that same year.  He is an associate who focuses on complex litigation and the firm's anti-corruption practice.

g.   Kate Aufses:  Ms. Aufses received her J.D. from the University of Michigan Law School in 2015.  She was an associate who focused on securities litigation but has since left Hughes Hubbard to work at another firm.

h.   Adam Weinstein:  Mr. Weinstein received a J.D. from Boston College Law School in 2015.  He is an associate with the firm who focuses on complex litigation and internal investigations.

i.   Nathan Cole:  Mr. Cole received a J.D. from Brooklyn Law School in 2017 and joined Hughes Hubbard that same year.  He is an associate in the firm's Litigation Department.

6.      Below is a chart with a breakdown of each Hughes Hubbard attorney that worked on this matter, along with their billing rate, hours expended, and the amount of fees attributed to each professional that Hughes Hubbard charged Plaintiffs.

| Attorney | Rate Per Hour[1] | Hours | Amount Charged/Requested |
|---|---|---|---|
| Ed Little | Charged Rate: $955 | 58.9 | Charged: $57,439.19 |
| Bill Maguire | Charged Rate: $983 | 0.80 | Charged: $786.25 |
| James Dabney | Charged Rate: $977.50 | 1.00 | Charged: $977.50 |
| Aviva Wernick | Charged Rate: $777 | 102.8 | Charged: $79,388.90 |
| Jeffrey Goldberg | Charged Rate: $664 | 191.0 | Charged: $126,140.01 |
| Gil Ben-Ezra | Charged Rate: $476 | 12.90 | Charged: $6,140.40 |
| Kate Aufses | Charged Rate: $476 | 31.70 | Charged: $15,089.20 |
| Adam Weinstein | Charged Rate: $361 | 12.90 | Charged: $4,660.14 |
| Nathan Cole | Charged Rate: $383 | 20.20 | Charged: $7,726.50 |

7.      Based on my experience, the actual fees and expenses that Hughes Hubbard invoiced to the Plaintiffs in connection with this engagement were reasonable and necessary. Hughes Hubbard's hourly rates are set at a level designed to fairly compensate the firm for the work of its attorneys and to cover fixed and routine overhead expenses.  While Hughes Hubbard's rates are higher than most in this jurisdiction, Hughes Hubbard is a preeminent law firm with its main office in New York, and offices in, among other places, Washington, D.C., Los Angeles, Tokyo, and Paris.  Hughes Hubbard is recognized in the legal industry for the high

---

[1] The rate per hour increased over time for certain attorneys to reflect their rising seniority levels.  That variance accounts for why the Amount Charged may differ slightly from the rate per hour multiplied by hours worked.

caliber of its work and for its success in representing clients, particularly in complex domestic and international matters.  Moreover, the rates are in line with comparable international firms practicing in the Southern District of Florida.

8.      In addition, it is Hughes Hubbard's practice to assign work to the person most capable of fulfilling the assignment at the least cost to the client, which is the approach Hughes Hubbard applied to this matter.  Here, I was the litigation partner primarily responsible for case supervision and strategy, we had one mid to senior level associate, Jeff Goldberg, who performed the bulk of the work including strategy and drafting briefs, while junior associates conducted tasks such as legal research.  More senior partners were only involved for consultation as needed.

9.      In prosecuting this matter, Hughes Hubbard was compelled to perform extensive work.  To respond to Defendants' Motion to Dismiss [DE 18], Hughes Hubbard conducted substantial factual research, including reviewing and compiling documents from numerous years to demonstrate Defendants' knowledge of Plaintiff Paul Kennedy's whereabouts, and the locations of the Defendants.  Such filings also required significant legal research to combat Defendants' challenges on jurisdiction and arguments that Plaintiffs failed to state a claim.  In addition, after the Court denied Defendants' Motion to Dismiss, Plaintiffs' counsel prepared for and engaged in settlement discussions with the Defendants.

10.      The bills attached as Exhibit 1 also reflect work performed by Hughes Hubbard paralegal Kirsten Golan.  This work generally consisted of assembling relevant documentation, serving and filing papers with the court, and searching for relevant information.  Ms. Golan worked 53.10 hours on this matter at a rate of $248 per hour,[2] for a total cost of $13,137.25.

---

[2] As described above with the attorneys, Ms. Golan's rate also increased over time, which is why the total amount charged varies slightly from the rate per hour multiplied by hours worked.

6

11.     Hughes Hubbard's policy is to charge for certain expenses incurred in connection with representation of its clients.  These expenses include, among other things, expenses charged for filing fees, express mail charges, photocopying charges, translation services, and legal research performed on Westlaw.

12.     The bills attached as Exhibit 1 also reflect charges that Hughes Hubbard incurred and billed to Plaintiffs for this matter.  Hughes Hubbard has deducted $849.02 in Westlaw costs, as these charges are unrelated to this matter.  The charges for which Hughes Hubbard charged Plaintiffs in this matter are summarized as follows:

| Nature of Charge | Amount |
|---|---|
| Filing Fees | $400 |
| Express Delivery | $730.92 |
| Research (Westlaw and Pacer) | $11,114.25 |
| Translation Fees | $4,592 |

13.     In total, Hughes Hubbard billed Plaintiffs for $311,485.34 in attorneys' fees and $16,837.17 in costs, for a total of $328,322.51 on this matter.

14.     Counsel for Plaintiffs have been unable to confer with Defendants in an attempt to resolve the issues raised in Plaintiffs' Motion for Attorneys' Fees, Costs, and Interest, because Defendants remain uninvolved with this case, as they have been since July 2018.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON:  MARCH 15, 2019              /s/ Aviva Wernick
                                          AVIVA WERNICK